## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **JANELLE RIDGEWAY** | : | **Case No. 1:23-cv-124** |
| **7317 Bridge Point Pass** | : | |
| **Cincinnati, OH 45248** | : | |
| | : | **Judge** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **FIRST FINANCIAL BANK** | : | |
| **225 Pictoria Dr., Suite 700** | : | |
| **Cincinnati, OH 45246** | : | |
| | : | |
| **Defendant.** | : | |

_____

## COMPLAINT AND JURY DEMAND
_____

Plaintiff Janelle Ridgeway, for her Complaint against First Financial Bank, states as follows:

### I.    PRELIMINARY STATEMENT

1.    This action arises under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.,* the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et. seq.,* and the Ohio Civil Rights Act, Ohio Rev. Code § 4112.01, *et seq.*  Ms. Ridgeway, a former employee of Defendant First Financial Bank, alleges that Defendant discriminated against her in violation of the ADA and the Ohio Civil Rights Act by terminating her because of her disability and by denying her a reasonable accommodation for her disability.  She also alleges that Defendant First Financial Bank interfered with her use of FMLA leave by using her past FMLA leave, as well as her prospective future FMLA leave, as a negative factor in the decision to terminate her employment.

2.     Ms. Ridgeway seeks relief for the aforementioned acts and/or omissions in the form of compensatory damages for her economic injuries, an equal amount in liquidated damages, compensatory damages for her noneconomic injuries, and punitive damages. Finally, Ms. Ridgeway seeks payment of her reasonable attorney fees and costs.

## II.     JURISDICTION AND VENUE

3.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law, 42 U.S.C. § 12101, *et seq.* and 29 U.S.C. § 2601, *et seq.* The Court may also assert supplemental jurisdiction over the state law claims.

4.     Venue with this Court is appropriate because the acts complained of herein occurred within the judicial district of the Southern District of Ohio.

## III.     ADMINISTRATIVE HISTORY

5.     On or about June 7, 2022, Ms. Ridgeway filed a charge of discrimination (No. 473-2022-01329 with the Equal Employment Opportunity Commission ("EEOC") against First Financial Bank, alleging disability discrimination. On December 21, 2022, the EEOC issued Ms. Ridgeway a Notice of Right to Sue.

6.     Ms. Ridgeway has timely filed this claim within 90 days of receipt of that notice.

## IV.     PARTIES

7.     Plaintiff Janelle Ridgeway is a United States citizen and a resident of Cincinnati, Ohio.   First Financial Bank employed Ms. Ridgeway as a Community Development Coordinator II.

8.     Defendant First Financial Bank ("FFB") is a for profit corporation headquartered and doing business in the Southern District of Ohio. Defendant FFB is an employer as that term is defined by the FMLA, the ADA, and the Ohio Civil Rights Act.

## V.    STATEMENT OF THE CASE

9.    Ms. Ridgeway suffers from several disabilities, including depression, anxiety, high blood pressure, and sleep apnea.

10.    On or about November 18, 2021, Ms. Ridgeway requested, and FFB approved, continuous FMLA leave as a result of her disabilities.

11.    On or about February 9, 2022, Ms. Ridgeway exhausted her 12 available weeks of FMLA leave.

12.    Thereafter, Ms. Ridgeway requested that FFB provide her an additional leave of absence as an accommodation for her disabilities.

13.    FFB initially agreed to provide the requested accommodation.

14.    In mid-March 2022, Ms. Ridgeway informed FFB that she would be ready to return to work on April 11, 2022 with certain accommodations.

15.    FFB, through its third-party administrator, New York Life, requested that Ms. Ridgeway provide an ADA Accommodation Request form completed by her physician identifying the required accommodations.

16.    New York Life gave Ms. Ridgeway until March 21, 2022 to provide the requested ADA accommodation request form.

17.    Thereafter, Ms. Ridgeway informed New York Life that her physician was traveling and requested additional time to return the form.  New York Life gave Ms. Ridgeway until March 28, 2022 to return the form.

18.    On March 28, 2022, Ms. Ridgeway sent the completed ADA Accommodation Request form to New York Life.

19.     Ms. Ridgeway called that same day to confirm New York Life's receipt of the form. New York Life informed Ms. Ridgeway that it would take several hours to process the form and to confirm its receipt.

20.     New York Life did not send the form to FFB on March 28, 2022, ostensibly due to the time it took to process receipt of the form.

21.     On the morning of March 29, 2022, FFB sent Ms. Ridgeway an email notifying her that FFB was terminating her employment because she allegedly failed to return the ADA Accommodation Request form to New York Life by the March 28, 2022 deadline.

22.     Ms. Ridgeway called New York Life, which confirmed that it had received the ADA Accommodation Request form on March 28, 2022 and that it had sent the form to FFB on March 29, 2022.

23.     Ms. Ridgeway responded to FFB indicating that she had timely returned the ADA Accommodation Request Form to New York Life and that, according to New York Life, the form was in FFB's possession.

24.     FFB did not respond to Ms. Ridgeway's email or otherwise contact her.  FFB also made no effort to reinstate Ms. Ridgeway.

25.     FFB terminated Ms. Ridgeway because of her disability and failed to provide her a reasonable accommodation in the form of job-protected medical leave.

26.     FFB's justification for terminating Ms. Ridgeway is false, is direct evidence of a failure to accommodate, and is pretext for illegal discrimination.  FFB also failed to participate in the interactive process in good faith.

27.     As a result of FFB's illegal actions, Ms. Ridgeway has suffered damages, including lost wages and emotional distress.

## VI.    STATEMENT OF THE CLAIMS

### Count 1: Disability Discrimination
### (42 U.S.C. § 12101 and Ohio Rev. Code § 4112.02)

28.    Ms. Ridgeway incorporates the previous paragraphs as if fully rewritten herein.

29.    Ms. Ridgeway suffers from several disabilities, including depression, anxiety, high blood pressure, and sleep apnea.  Depression and anxiety substantially limit the normal operation of Ms. Ridgeway's neurological system.  High blood pressure substantially limits the normal operation of Ms. Ridgeway's circulatory system.  Sleep apnea substantially limits the normal operation of Ms. Ridgeway's respiratory system.  These conditions also substantially limited Ms. Ridgeway's other life activities, including communicating with others and, during the period she required leave, working.

30.    Ms. Ridgeway was qualified for her position with FFB.

31.    FFB knew that Ms. Ridgeway had a disability.  Ms. Ridgeway notified FFB of her disabilities when she requested leaves of absence.

32.    FFB discharged Ms. Ridgeway by refusing to reinstate her from her leave of absence on April 11, 2022, despite her compliance with all requests FFB made for information regarding her disability.

33.    FFB terminated Ms. Ridgeway because of her disability.

34.    FFB also denied Ms. Ridgeway an accommodation for her disability in the form of job-protected leave.

35.    Finally, FFB terminated Ms. Ridgeway because it believed she would require additional FMLA leave in the future as a result of the continuing nature of her serious health conditions.

36. As a result of FFB's illegal actions, Ms. Ridgeway has suffered damages including lost wages and emotional distress.

37. FFB acted with malice and a conscious disregard for Ms. Ridgeway's federally protected rights, particularly when it refused to respond to Ms. Ridgeway's attempts to correct FFB's misimpression that she had not timely returned the ADA Accommodation Request form.

### Count 2: Retaliation
### (42 U.S.C. § 12101 and Ohio Rev. Code § 4112.02)

38. Plaintiff incorporates the previous paragraphs as if fully rewritten herein.

39. Ms. Ridgeway engaged in protected activity when she requested a reasonable accommodation.

40. FFB was aware Ms. Ridgeway requested an accommodation.

41. FFB retaliated against Ms. Ridgeway for requesting an accommodation by terminating her for reasons that are clearly pretextual.

42. There is a causal connection between Ms. Ridgeway's protected activity and FFB's decision to terminate her employment. FFB terminated Ms. Ridgeway despite the fact that she timely submitted the ADA Accommodation Request form in the manner FFB prescribed, i.e., sending it to New York Life. FFB's retaliatory animus is further demonstrated by its failure to respond to Ms. Ridgeway's efforts to correct FFB's illegal decision to terminate her employment.

43. As a result of FFB's illegal actions, Ms. Ridgeway has suffered damages including lost wages and emotional distress.

44. FFB acted with malice and a conscious disregard for Ms. Ridgeway's federally protected rights.

**Count 3: Interference**
**(29 U.S.C. § 2617)**

45.    Plaintiff incorporates the previous paragraphs as if fully rewritten herein.

46.    Ms. Ridgeway was eligible to take FMLA leave.

47.    FFB is an employer under the FMLA.

48.    Ms. Ridgeway was entitled to take FMLA leave and would have become entitled to take FMLA leave in the future.

49.    FFB used Ms. Ridgeway's use of FMLA leave, and its belief that she would require additional FMLA leave in the future, as a negative factor in the decision to terminate Ms. Ridgeway's employment.

50.    As a result of FFB's illegal actions, Ms. Ridgeway has suffered damages including lost wages and emotional distress.

FFB acted with malice and a conscious disregard for Ms. Ridgeway's federally protected rights.

**PRAYER FOR RELIEF**

Wherefore, Ms. Ridgeway demands judgment against Defendant First Financial Bank as follows:

1.    An award of compensatory damages for all economic damages suffered by Ms. Ridgeway in an amount to be determined at trial, plus interest;

2.    An equal amount in liquidated damages;

3.    An order reinstating Ms. Ridgeway to her previous position, inclusive of all pay increases and benefits to which she would have been entitled had she not been terminated, or in the alternative, an award of front pay;

4.   An award of compensatory damages for all noneconomic damages suffered;

5.   An award of punitive damages;

6.   An award of Ms. Ridgeway's reasonable attorney fees and costs; and

7.   An award of any other relief in law or equity to which Ms. Ridgeway is entitled.


Respectfully submitted,

**MEZIBOV BUTLER**

/s/ Brian J. Butler
Brian J. Butler (OH No. 0082675)
615 Elsinore Place
Cincinnati, OH 45202
Phone: 513-621-8800
Fax: 513-621-8833
bbutler@mezibov.com

*Attorney for Plaintiff Janelle Ridgeway*


## <u>JURY DEMAND</u>

Plaintiff Janelle Ridgeway demands a jury trial to resolve all issues of fact related to her Complaint.

/s/ Brian J. Butler
Brian J. Butler (OH No. 0082675)